FRANKLIN WHARF CO., *Appellants, versus* CITY OF PORTLAND.

The owner of land, who claims under a deed by which the premises are
bounded on the line of a street, which was never made or used as a street,
but of which there was on record a description and plan made under a void
location, to which the deed refers, cannot recover pay for the land to the
middle of the street, upon a subsequent location thereof, his title extending
only to the line of the street.

EXCEPTIONS from the ruling of DAVIS, J.

This was an appeal from the adjudication of the city
council of Portland, in locating Thames street, Aug. 2, 1854,
over certain flats, lying below high water mark. The prem-
ises in controversy had been used as a dock by the appellants
and others doing business at their wharf, which was adjacent
thereto. The city council awarded that *no damages* were
sustained by the appellants in consequence of the location.

It appeared in evidence that, in 1760, the town of Falmouth,
which then embraced the territory of the present city of
Portland, located Thames street, a description and plan of
which were put into the case. The street so located was
never made or used as such below high water mark. And it
was contended that the location was void for want of authority
in the town to make it; or if not originally void, that the
easement was lost by non-user. The new location made in
1854, at the point adjacent to the premises of the appellants,
was the same as that originally made in 1760.

The appellants claimed, through Abel Chase and others,
under a deed from the Portland Marine Railway Company,
dated July 1, 1850, by which the premises are bounded east-
erly "by the south-westerly line of Thames street." At the
time the deed was given, the street had no existence in fact,
and could have been known only by the record of the ancient
location made in 1760. The appellants claimed the right to
hold, by their deed, to the middle of the street; and they
claimed damages for one half of the land covered by their
location.

It was claimed in behalf of the city that the appellants, by

their deed, acquired title to the land only *to the side line* of the street, and therefore that no part of their land was covered by the location; and that, even if it were otherwise, they had sustained no damage by the location, their property being worth more, rather than less, in consequence thereof.

In order to settle the question of damages, the presiding Judge ruled that their title, under their deed, extended to the middle of the street, and to this ruling the respondents excepted.

The case was argued by

*Rand,* for the appellants, and by                .

*Fox,* for the respondents.

The opinion of the Court was delivered by

HATHAWAY, J.—Under the pleadings, the burden of proof is upon the appellants, to establish their title to the land, upon which the street was located, by the defendants. Their title appears to have been derived, through mesne conveyance, from the Portland Marine Railway, as by their deeds to Abel Chase & als., of July 1, 1850.

One of the boundaries of the land conveyed, as described in the deeds, was the south-westerly side line of Thames street.

Thames street, the line of which was named as the boundary, was in tide waters, was never made, and has never had existence, as a street, at the place where it was named as a boundary, except on the records of the town of Falmouth; and the Judge properly instructed the jury, that its location, by the town of Falmouth, in 1760, was void.

Although the side line of the street, as located, might be a sufficient designation of the boundary of the land conveyed; yet, the location being void—there being, in fact, no street there—and, as it does not appear that the complainants, or those under whom they claim, *ever* owned any portion of the land upon which such void location was made—the deeds, under which the appellants derive their title, did not include

any part of the land covered by such void location.  *Bangor House* v. *Brown*, 33 Maine, 314.

The instruction of the Judge, therefore, that "the jury might consider the title of the petitioners *proved*, to the centre of the street, as originally located in 1760," was erroneous.  It is unnecessary to consider the other questions presented in the case.                     *Exceptions sustained.*

TENNEY, C. J., and MAY, GOODENOW, and DAVIS, J. J., concurred.